UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Criminal Case No.  03-cr-00232-RPM

UNITED STATES OF AMERICA,

      Plaintiff,

v.

GLENN M. GALLANT, and
DOUGLAS R. BAETZ,

      Defendants.

---

ORDER ON RULE 29 MOTIONS AND ON MOTION FOR FORFEITURE

---

BestBank, a state-chartered financial institution, insured by the Federal Deposit Insurance Corporation (FDIC) issued VISA credit card loans pursuant to operating agreements with Century Financial Services, Inc., and Century Financial Group, Inc., ("Century") corporations owned and controlled by Douglas R. Baetz and Glenn M. Gallant.  These loan receivables were shown in the bank records as its principal asset at the time the bank was closed in July, 1998.  The FDIC, as Receiver, found that the actual value of these loan receivables was far less than stated because of false reporting of the status of the customer accounts over the years of the operation of the program.

The false information provided to the bank included the reporting of the opening of new accounts that were not valid transactions; the posting of false credits

to disguise payment delinquencies and the reaging of accounts to change their reported delinquency status.

Stated generally, the false reporting resulted in credits to the Century operating account at BestBank as payments by credit card customers for security deposits, initial payments to open accounts and charges for travel club memberships, annual fees, late fees and interest on accounts where no payments had been made and the charges were not valid.  These accounts with false credits were a substantial percentage of the total number of accounts.  There were a sufficient number of valid accounts and actual payments to provide revenues to BestBank from Century for new account fees, merchant fees and the bank's cost of funds plus an additional six percent, to permit the bank to continue operations up to the time of its closing and the FDIC as receiver did thereafter make some collections on valid loan accounts.  The false information was disguised sufficiently to make the bank's records appear to be accurate and the bank appear to be solvent and in compliance with applicable FDIC requirements during the years 1996 and 1997.

The defendants Baetz and Gallant went to trial separately from the bank officer defendants on the allegations in the Second Superseding Indictment.  The charges brought under the Bank Fraud statute, 18 U.S.C. § 1344 appear in two groupings as executions of a common scheme to defraud.  Counts 2 through 31 allege specific bonus payments to bank officer defendants and Counts 32 through 44 allege specific transfers of funds to the Century operating account.  The jury returned guilty verdicts on all but 3 of the bonus payments (Counts 16, 17 and 26) and on all

of the transfers to the Century account.

Upon a review of the evidence presented, the Court now finds that the verdicts of guilty on the bonus payment charges must be set aside and a judgment of acquittal entered on those counts under Fed.R.Crim.P. 29 because the government failed to prove that these two defendants either participated in the actions resulting in those payments or had such knowledge of them as to support culpability.

The government argues that the bonus payments to the bank officer defendants were made possible by the inflation of the bank's earnings resulting from the false reportings of the credits and receipts.  That much is true.  There is also evidence of an awareness of some of the bank officers that the financial condition of the bank was different from what its records reflected.  What was not shown was that defendants Baetz and Gallant intended to assist the other defendants in the transfers alleged in the bonus payment counts.  The mere forseeability that bank officers would opportunistically take advantage of the fraudulently operated credit card program is not enough to support a showing of the requisite criminal intent of these two defendants on those counts.

The jury found the defendants guilty of conducting a continuing financial crimes enterprise in violation of 18 U.S.C. § 225 as charged in Count 74 of the Second Superseding Indictment.  The instruction defining the elements of that offense was the following:

> Douglas R. Baetz and Glenn M. Gallant are charged in count 74 with a violation of 18 U.S.C. § 225.

This law makes it a crime to engage in a continuing financial crimes enterprise.

To find Douglas R. Baetz and Glenn M. Gallant guilty of this crime you must be convinced that the government has proven each of the following beyond a reasonable doubt:

*First*:  Douglas R. Baetz and Glenn M. Gallant organized, managed or supervised a continuing financial crimes enterprise.

*Second*:  Douglas R. Baetz and Glenn M. Gallant received more than $5,000,000 in gross receipts, from such enterprise during a 24 month period.

*Third*: The continuing financial crimes enterprise affected a financial institution, that is BestBank.

*Fourth*: The series of violations constituting the continuing financial crimes enterprise were committed by at least four persons acting in concert.

A "continuing financial crimes enterprise" is a series of the following violations: bank fraud; false bank reports; or wire fraud affecting a financial institution.

A continuing series of violations is three or more violations of the federal laws charged in the other counts of the indictment. You must unanimously agree on which three or more counts constitute the continuing series of violations.

The government must prove beyond a reasonable doubt that the defendant occupied the position of organizer, supervisor or manager.  In considering whether the defendant occupied such a position, you should give the words "organizer, supervisor or manager" their everyday, ordinary meaning.  More than one person can be an organizer, supervisor, or manager of an enterprise.

The 24-month period was identified in Count 74 as beginning on August 1, 1996, and ending on July 23, 1998.

There is an error in the instruction because it was not explicitly stated that each of the defendants must separately have received more than $5,000,000 in

gross receipts from the enterprise. As will be seen, that error was harmless because the evidence showed direct payroll payments of more than $6,000,000 to each of them during the defined period.

The defendants argue for acquittal on this count that the gross receipts must be shown to have been received from the offenses constituting the "continuing financial crimes enterprise" specifically charged. Excluding the bonus payments, the aggregate of the transfers to the Century operating account is $8,286,829 and Count 32 describes a transfer of $141,278 on June 14, 1996, before the start of the two year period. The evidence did not show that these credits resulted in any direct payments to the defendants. Thus, these counts do not support the gross receipts finding.

The false call reports alleged in Counts 47-54 should be disregarded, the defendants say, because the evidence did not show that they produced any revenue flowing to Baetz and Gallant and Counts 47 and 48 are outside the two year period. Similarly, the wire fraud counts did not produce receipts because the proposed sales were not accomplished. This argument is not persuasive because it is based on too narrow a view of the statute.

The legislative history of § 225 shows that its purpose was to increase the penalty for the offenses of bank fraud; false bank reports and wire fraud when the offender's violations were a part of repeated and continuing criminal conduct affecting the health of a financial institution in much the same manner as the continuing criminal enterprise consisting of a continuing series of drug law violations

in 21 U.S.C. § 848(c). These are parallel statutes in that Congress has provided for an enhanced penalty for engaging in the business of crime whether the entire business is unlawful trafficking in drugs or where a legitimate business is conducted by a pattern and practice of criminal conduct affecting a financial institution.  What is required to support the verdict on Count 74 is evidence that the defendants were responsible for a recurring pattern of fraud to obtain funds from BestBank unlawfully.

It is true that there were legitimate aspects to the credit card operations and that the defendants paid substantial sums to the Bank to keep it going.  It is not necessary that the government prove that it was all a sham.  What was required and what was proven to the satisfaction of the jury was that these defendants operated under the Century agreements with BestBank by repeatedly and consistently causing false information to be conveyed to the Bank in daily and periodic reports regarding the existence and the status of loan accounts recorded as bank receivables.

The evidence supports the jury's finding of gross receipts attributable to the charged offenses because without the false reporting beginning as early as 1996, the bank would have been required to close down or drastically change the credit card operations to be able to continue in the banking business.  Baetz and Gallant could only continue Century operations so long as BestBank operated as a bank. These defendants knew that as an insured bank, BestBank had to meet FDIC requirements to stay open and most of the manipulations in the reporting were done to achieve that objective.  It follows that the defendants' receipts from Century

operations were tainted by the continuing fraudulent reporting. It was not necessary for the government to trace and separate the tainted funds to prove the elements of the continuing financial enterprise charge.

After oral argument on their motions for acquittal on Count 74, these defendants filed motions to join and adopt arguments made by counsel for the defendant Alan Boyd in a motion to dismiss that count from the Second Superseding Indictment, based on claimed insufficiency of the charge itself, without regard to the evidence. That motion contends that the named defendants, Edward Mattar, Alan Boyd, Douglas Baetz and Glenn Gallant are accused of being both "kingpins' and subordinates which is suggested as an inconsistency. The indictment also refers to others known to the Grand Jury and what the evidence amply demonstrates at the trial of these two defendants is that each of them managed and controlled the activities of many persons involved in the initiation of the credit card loans and reporting of the transactions and status of those accounts at the direction and under the control of these defendants. There is no requirement that a defendant must be the leader of a monolithic hierarchy to be guilty of the offense. Whatever the evidence may be at the trial of the other named defendants, it is clear that defendants Baetz and Gallant managed the operations leading to the false information reflected in the Bank's records.

In applying 21 U.S.C. § 848, the Tenth Circuit Court of Appeals has consistently and repeatedly held that a defendant may be found to be an organizer, supervisor or manager of other persons involved in criminal activity in a variety of

ways. *United States v. McSwain,* 197 F.3d 472 (10th Cir. 1999); *United States v. Jenkins,* 904 F.2d 549 (10th Cir. 1990); *United States v. Apodaca,* 843 F.3d 421 (10th Cir. 1988). Those cases are persuasive here. These defendants had supervisory roles in all aspects of the credit card operations from the initiation of the accounts by telemarketers through the processing companies and the submission of the information into the bank's own records.

The Boyd motion also suggests that because the charges incorporated into Count 74 as predicate offenses accuse the named defendants of committing those crimes, only the named defendants must be considered as the perpetrators. That argument is specious. The charge alleges others known to the Grand Jury and the trial evidence shows that defendants Baetz and Gallant committed the predicate offenses through others acting as their agents under their direction.

The Boyd motion also challenges the constitutionality of the statute under the void for vagueness standard. There is no merit to that argument as to defendants Baetz and Gallant. The discovery and the evidence presented to them at pre-trial hearings gave them full and fair notice of the government's case against them. The Boyd motion suggests that the statute could be construed to criminalize a legitimate business if it included the passing of a few bad checks. Proof of the minimum gross receipts from the criminal conduct precludes that result.

Count 95 of the Second Superseding Indictment seeks forfeiture under 18 U.S.C. § 982 of a sum equal to $100,000,000, as representing the amount of proceeds obtained as a result of the offenses charged in the conspiracy in Count

One; the bank fraud counts and the false bank reports counts. By agreement of both defendants and government counsel, that count was not submitted to the jury. After trial, the government moved for a money judgment pursuant to Fed.R.Crim.P. 32.2(b). Based on the evidence received at trial, the prosecution claims $11,604,179 from Glenn Gallant and $11,747,091 from Douglas Baetz based on the aggregate amounts each defendant received as payroll and from distributions shown in the Century general ledger.

     These claims go well beyond the scope of the statute. It mandates an order of forfeiture as a part of the sentence imposed for the <u>convictions</u> of the types of offenses described. Accordingly, calculation of the proceeds received as a basis for forfeiture is different from that made to establish a violation of § 225. There, the amounts derived as gross profits may include the proceeds of criminal violations not specifically charged. Here, the verdict limits the bases for calculation of the appropriate amount of a money judgment of forfeiture.

     Limiting consideration of the amount of a forfeiture to be reflected in an order of forfeiture to the offenses of conviction, the amount could not be greater than the total of the transfers to the Century operating amount in Counts 32 through 44, the sum of $8,286,829. The Tenth Circuit Court of Appeals in *U.S. v. Bornfield,* 145 F.3d 1123, 1135 (10th Cir. 1990) cautioned that the "comingling of tainted and untainted funds in an account does not, without more, render the entire contents of the account subject to forfeiture." These transfers were made in the ordinary course of performing the obligations of the Bank and the Century corporations under their

operating agreement for the conduct of the credit card business.  The funds in the operating account were there temporarily with disbursements made within controls established by the Bank.  Those disbursements included payments to the Bank for its entitlements to fees and charges.  The evidence showed that many millions of dollars were received by BestBank from the credit card operations as a principal source of revenue.  The fact that the total value of the reported loans to customers was materially overstated as a result of the manipulations for which the defendants Baetz and Gallant bear criminal liability, does not justify a finding of forfeiture of the aggregate amount of the transfers to the Century operating account as proceeds from the convictions.

Upon the evidence presented at trial, the Court is unable to adjudicate an amount to be forfeited in a manner consistent with due process of law.  Denial of the government's motion for a preliminary order of forfeiture does not foreclose the possibility of a further hearing to determine an appropriate amount as part of the sentencing process.  The court must also give consideration to the entry of orders for restitution under the requirements of the Mandatory Restitution Act, 18 U.S.C. § 3663A.

Upon the foregoing, it is

ORDERED, that the defendants' motions for acquittal on Counts 2 through 15, 18 through 25 and 27 through 31 are granted and judgment of acquittal is entered on those counts.  It is

FURTHER ORDERED, that the defendants' motions for judgment of acquittal

on all other counts of conviction are denied. It is

FURTHER ORDERED, that the government's motion for preliminary order of forfeiture is denied.

DATED: February 3rd, 2006

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch
Senior United States District Judge