# United States Court of Appeals for the Tenth Circuit
## OFFICE OF THE CLERK
Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303)844-3157

Elisabeth A. Shumaker
Clerk of Court

Douglas E. Cressler
Chief Deputy Clerk

July 25, 2006

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 26 2006

GREGORY C. LANGHAM
CLERK

Mr. William J. Leone
Mr. Michael P. Carey
Mr. John M. Haried
Mr. James C. Murphy
United States Attorney's Office
1225 17th Street
#700
Denver, CO 80202

Mr. Peter R. Bornstein
1600 Broadway
#2350
Denver, CO 80202

Virginia Grady
Mr. John T. Carlson
Office of the Federal Public Defender
District of Colorado and Wyoming
633 17th St.
Suite 1000
Denver, CO 80202

Mr. Daniel J. Sears
Trinity Place Office Building
1801 Broadway, Suite 1100
Denver, CO 80202-3839

      Re:    06-1298, In re: United States v. -
            Dist/Ag docket: 03-CR-232-RPM

Dear Counsel:

    Enclosed is a copy of this court's final order.

Please contact this office if you have questions.

Sincerely,

Elisabeth A. Shumaker
Clerk, Court of Appeals

By: /s/ Deputy Clerk

clk:jmm

cc:
Honorable Richard P. Matsch, Sr. District Judge
Gregory C. Langham, Clerk

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

In re: UNITED STATES OF AMERICA,

Petitioner.

No. 06-1298

ORDER
Filed July 25, 2006

Before **BRISCOE**, **EBEL**, and **HARTZ**, Circuit Judges.

Petitioner seeks a writ of mandamus from this court ordering the district court to reschedule the pending criminal matter, *United States v. Edward P. Mattar, III, T. Alan Boyd, & Jack O. Grace*, No. 03-cr-00232-RPM, for trial to a jury. "Only exceptional circumstances, amounting to a judicial usurpation of power, will justify the invocation of th[e] extraordinary remedy [of mandamus]." *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980) (per curiam). The district court has accepted a waiver from each of the defendants of his right to a jury trial and is proceeding with a bench trial over the government's objection. In a direct appeal, we would review the district court's decision to grant the waiver of a jury trial for abuse of discretion. *See, e.g., United States v. Clapps*, 732 F.2d 1148, 1151 (3d Cir. 1984); *United States v. Moon*, 718 F.2d

1210, 1218-19 (2d Cir. 1983). In the mandamus context, however, "the higher standard dictated by that writ governs our review. Mandamus is only available upon a showing of a clear and indisputable right to relief." *Nichols v. Alley*, 71 F.3d 347, 350 (10th Cir. 1995). Petitioner has failed to meet this demanding standard for demonstrating its entitlement to mandamus relief.

Moreover, "[t]o ensure that mandamus remains an extraordinary remedy, petitioners must show that they lack adequate alternative means to obtain the relief they seek." *Id.* (quotation omitted). Because petitioner may seek review of the district court's decision on direct appeal after a final judgment has been entered, petitioner cannot establish that it has no alternative means for relief. *See, e.g., Allied. Chem. Corp*, 449 U.S. at 36 (noting that alternative relief was available in the form of a direct appeal of the trial court's decision to order a new trial). Accordingly, the petition for a writ of mandamus is DENIED. Petitioner's emergency motion for stay is DENIED as moot.

Entered for the Court
ELISABETH A. SHUMAKER, Clerk

By: [signature]
Deputy Clerk

**HARTZ**, Circuit Judge, dissenting:

I respectfully dissent. The district court has clearly violated Fed. R. Crim. P. 23(a), which states:

> If the defendant is entitled to a jury trial, the trial *must* be by jury unless:
> (1) the defendant waives a jury trial in writing;
> (2) *the government consents*; and
> (3) the court approves.

(emphasis added). The government not having consented, the trial must be by jury.

In *Singer v. United States*, 380 U.S. 24 (1965), the Supreme Court affirmed the requirements of Rule 23. It noted only one possible exception— "circumstances where a defendant's reasons for wanting to be tried by a judge alone are so compelling that the Government's insistence on trial by jury would result in the denial to a defendant of an impartial trial," *see id.* at 37; and the Court found it unnecessary to determine whether it would recognize even that exception, *id.*

Nothing before us suggests that the defendants cannot have an impartial jury trial. The unfortunate disability of a defense attorney undoubtedly will cause disruption, expense, and inconvenience. But such disability is not an unheard-of occurrence, and it does not require discarding this rule of criminal procedure. Although the district court no doubt acted in part because of the age of this case, I see no violation of the defendants' rights to a speedy trial. Surely a delay caused

by an attorney's disability would not be a factor supporting a determination that those rights have been violated.

Accordingly, I would issue a writ of mandamus halting the nonjury trial.