UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Criminal Case No. 03-cr-00232-RPM

UNITED STATES OF AMERICA,

       Plaintiff,

v.

EDWARD P. MATTAR, III,
T. ALAN BOYD,
JACK O. GRACE, JR.,
GLENN M. GALLANT, and
DOUGLAS R. BAETZ,

       Defendants.

ORDER ON DEFENDANTS' MOTIONS AS TO COUNT 74 AND 47-52

       On March 8, 2007, defendants Douglas R. Baetz and Glenn M. Gallant filed a motion supplementing a motion to dismiss Count 74 of the Second Superseding Indictment based on the statute of limitations and a motion for reconsideration of the February 3, 2006, order denying acquittal or new trial as to Counts 47-52 and 74. The government filed its responses on April 9, 2007.

       Counts 47-52 allege violations of 18 U.S.C. § 1005 by false call reports filed by BestBank quarterly from June 30, 1995, through September 30, 1997. The jury found defendants Baetz and Gallant guilty of those charges on instructions that the defendants were guilty if they aided and abetted the Bank officials who prepared the call reports and knew that the Bank officials were making false entries in the reports. The false entries consisted of false reporting of delinquencies in credit card loans. In a separate trial, this Court acquitted the defendants Edward Mattar, III, T. Alan Boyd, and

Jack O. Grace, Jr., of those counts.

The premise of the motion is that the Court's findings are inconsistent with the jury verdict on Counts 47 through 52 because Baetz and Gallant could not have aided and abetted principals who were not found guilty. The government correctly responds that an inconsistency between the Court's findings and those made by the jury is an acceptable result of separate trials and this Court has no authority to reverse the jury's verdict upon evidence which the jury found to be persuasive and under appropriate instructions on the law. More importantly, the Court's findings and the jury verdicts are not inconsistent. While it is true that no one can be found guilty of aiding and abetting when there was no crime, it is not true that the acquittal of charged principals precludes a finding of guilty as to those aiding and abetting the commission of a crime. The call reports that are the subject of these counts include false entries and the falsity was the product of the practices for which Baetz and Gallant are legally responsible. Thus, they aided and abetted the filing of these false call reports even though the bank officers accused in this case were not proved to have the requisite knowledge of that falsity. The evidence at the Bank officers' trial included the officers' reliance on the indemnification provisions in the Marketing Agreement as providing adequate protection for the Bank. Baetz and Gallant knew that Century would not and could not fulfill the indemnity obligation in the amounts required to avoid bank loss.

In Counts 32 through 44, Baetz and Gallant are charged with separate executions of the scheme to defraud by transfers from BestBank to Century's operating account. The transfers are charges of a $498 membership fee and other fees charged

for the opening of new AATC credit card accounts reported by Century. The defendants argue that the amounts alleged in these counts are based on the testimony of Dana Chamberlain who analyzed the reports and calculated net sales without separating valid from invalid accounts. The Bank officer defendants were acquitted on these counts.

There is a difference in the evidence as it relates to these defendants. The jury found that Baetz and Gallant developed and executed a scheme to defraud BestBank through the marketing, sale and processing of AATC accounts and obtained deposits into Century's operating account in the amount of the net sales shown in the daily processing reports, knowing that these reports were false because they included the opening of accounts that were not confirmed and did not meet the loan criteria established by the Bank. It was not necessary for the government to prove the amount of those invalidly recorded accounts for each transfer. The transfers were based on false reports which were generated pursuant to the defendants' scheme.

Baetz and Gallant contend that the five year statute of limitations applicable to Count 74 bars prosecution because the transfers began on June 14, 1996, and only Counts 42, 43 and 44 are within the five years preceding the indictment. The argument fails because the defendants were found guilty of a continuing criminal enterprise and a continuing conspiracy. It is therefore

ORDERED that the motions are denied.

DATED: April 16th, 2007

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior District Judge