UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Criminal Case No.  03-cr-00232-RPM

UNITED STATES OF AMERICA,

       Plaintiff,

v.

EDWARD P. MATTAR, III,
T. ALAN BOYD,
JACK O. GRACE, JR.,
GLENN M. GALLANT, and
DOUGLAS R. BAETZ,

       Defendants.

---

ORDER FOR HEARING ON SENTENCING PROCEDURE

---

On April 16, 2007, this court entered an Order Establishing Sentencing Procedure, modifying the procedure directed by Fed.R.Crim.P. 32 with respect to the role of the probation office and  suggesting the issuance of presumptive findings and conclusions based only on the respective trial records.  The government filed its objection that the calculation of loss required by Sentencing Guideline § 2F1.1 (1997) and the determination of an order of restitution mandated by 18 U.S.C. § 3663A based on the trial records "will not provide the Court with an accurate measure of harm resulting from the commission of the offenses." The government seeks to provide additional information for both the calculation of loss and for restitution, arguing: "The trial was limited to evidence relevant to guilt and a determination of loss may require the presentation of additional material to provide a basis to select the method or formula to calculate loss as well as providing a determination of the extent of the loss."

None of the defendants filed objections to limiting the sentencing procedure to the respective trial records.

Preceding the court's April 16 procedural order, and following the court's findings as to the bank officer defendants, the government filed a sentencing statement on March 14, 2007, suggesting three different methods for calculating loss. Those loss calculations resulted in amounts different from those previously suggested by the government in its sentencing statement filed in connection with defendants Baetz and Gallant, before the court delayed the sentencing of Baetz and Gallant pending the trial of the bank officer defendants.

The government's sentencing statement of March 14, 2007, argues that restitution should be imposed pursuant to 18 U.S.C. § 3663A and identifies four victims, the FDIC, Cerberus Partners, John Aspell and David Taffet, with losses totaling $208,427,764. The government's earlier sentencing statement with respect to the defendants Baetz and Gallant urges a different order. In its objection filed May 1, 2007, the government asks for an opportunity to present evidence of the "shortfall" in cardholder payments after the bank's closure and the extent of harm to the victim. The FDIC, as receiver for BestBank, has pending civil litigation against these defendants, except Grace, seeking to recover all the losses sustained as a result of the Bank's failure. Some of the defendants have asserted undisclosed settlements in civil litigation.

Mattar moved to postpone his sentencing until after the resolution of the tax counts in the Second Superseding Indictment, Counts 91-94. Grace requests that if the court continues Mattar's sentencing, that Grace's sentencing be severed from Mattar's so

that he may seek a timely and final resolution of this matter.

On the present state of the record, and the differing views of the parties, a hearing is necessary to finalize the procedure to be followed in clarifying the issues to be addressed at a sentencing hearing(s).

ORDERED that a hearing will be convened on June 1, 2007, at 3:00 p.m. with counsel for the government and counsel for all defendants to consider the objections filed by the government and the motions filed by Mattar and Grace.  The court intends to address the following questions: (1) the method for the calculation of loss as to each defendant, including whether additional evidence may be received consistent with the Sixth Amendment to the United States Constitution; (2) the identification of victim(s) and the calculation of amounts required under § 3663A; (3) the applicability of §3663A(c)(3)(B) and the relationship to civil actions in this and other courts; (4) if restitution is ordered, the methods for compliance with the procedural requirements for § 3664, particularly § 3664(f)(1)(B)(2); (5) given the court's order of February 3, 2006, denying the government's preliminary order of forfeiture as to Baetz and Gallant, the methodology for determining a final order of forfeiture as to each defendant; and (6) scheduling of a trial date for Matter on Counts 91 through 94.

FURTHER ORDERED that the defendants are not required to be present at the

hearing because the hearing will be limited to a procedural hearing on questions of procedural law.

DATED: May 11th, 2007

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior District Judge