UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Criminal Case No. 03-cr-00232-RPM

UNITED STATES OF AMERICA,

       Plaintiff,

v.

4. GLENN M. GALLANT,
5. DOUGLAS R. BAETZ,

       Defendants.

---

FINDINGS, CONCLUSIONS AND ORDER TO RELEASE FUNDS TO LEE D.
FOREMAN AND PATRICK T. MURPHY PURSUANT TO MOTIONS TO ALLOW BOND
DEPOSITS TO BE RELEASED TO COUNSEL AT CONCLUSION OF PROCEEDINGS

---

On May 11, 2005, the Clerk of this Court received Cashier's Check Serial No. 040001963 in the amount of $50,000, issued by Wells Fargo Bank, N.A., as a cash bond deposit for Douglas R. Baetz and Cashier's Check Serial No. 0490001964 in the amount of $50,000, issued by Wells Fargo Bank, N.A., as the cash bond deposit for Glenn M. Gallant. Because the Clerk mistakenly issued receipts to Judith Jarvis for those deposits, each of the defendants filed an affidavit by owner of cash bail, dated May 20, 2005, acknowledging ownership of the funds and that the sum is to be returned upon exoneration of the bond. On July 18, 2005, Douglas R. Baetz filed a motion to allow his bond deposit to be released to counsel at conclusion of proceedings and Glenn M. Gallant filed the same motion on July 19, 2005. In each of these motions, the defendants acknowledged the intent to have the funds on deposit with the court released to the attorneys to defray the costs and attorney's fees due and owning to them and asking that the release be made when the proceedings are concluded. To

each of the motions there is an affidavit from the respective defendants, stating as follows:

> 1. I am one of the defendants in Criminal Action No. 03-CR-232-M pending in the United States District Court for the District of Colorado.
>
> 2. I have placed the sum of $50,000.00 into the registry of the Court as partial security for my bond in this action. It is my desire that these funds be released to my attorneys (named) at the conclusion of proceedings in this case to defray attorney fees and costs incurred in my defense.
>
> 3. My attorneys have agreed to continue in my defense even though this payment for fees and costs will necessarily be delayed. At the present, I am unable to pay the fees and costs with alternative funds, as I do not have them.

The criminal proceedings have been concluded and defendants Douglas R. Baetz and Glenn M. Gallant are now in custody of the United States Bureau of Prisons. On October 23, 2007, the defendants filed a joint motion to renew their motions to allow the bond deposits to be released to counsel at conclusion of the proceedings. This Court on November 8, 2007, entered an order to show cause on the Government as to why the motion should not be granted.

The Government filed a response on November 20, 2007, and contemporaneously filed a motion seeking a forfeiture of those funds as substitute asserts under Fed.R.Crim.P. 32.2(e).

The claimant's Lee D. Foreman and Patrick T. Murphy, through counsel, filed a reply on December 13, 2007, and on December 21, 2007, this Court issued an Order to Respond, setting forth its analysis of the procedural defects in the Government's motion because a money judgment was entered on the forfeiture count as to each defendant in

2

each sentence.  Both the Government and the claimants responded to the order to show cause.

On February 14, 2008, the Government filed a statement of position, indicating an intention to proceed under Fed.R.Civ.P. 69 and the Federal Debt Collection Act, 28 U.S.C. § 3001, *et seq.*  The claimants filed their response and a hearing has been held.

At the hearing, the Court ruled that the effect of the motions filed in July, 2005, with the attached affidavits, was an assignment by each defendant of all of his right, title and interest in the return of the funds on deposit and therefore the funds on deposit are not the property of Glenn M. Gallant and Douglas R. Baetz and are not therefore subject to the Government's efforts to collect on the judgment.  The Court also finds, alternatively, that the funds have been *in custodia legis* and are not subject to a writ of execution or attachment.

Upon the foregoing, it is

ORDERED that the Clerk of this Court shall release the $50,000 deposited on behalf of Douglas R. Baetz to Lee D. Foreman and $50,000 deposited on behalf of Glenn M. Gallant to Patrick T. Murphy.  It is

FURTHER ORDERED that the Government's applications for a writ of execution are denied and it is

FURTHER ORDERED that the Government's oral motion to stay this order is denied.

DATED: February 15, 2008

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior District Judge